UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:21-mc-60143-AHS

MATTHEW ORSO AS SUCCESSOR TRUSTEE
TO KENNETH D. BELL IN HIS CAPACITY AS
COURT-APPOINTED RECEIVER FOR REX
VENTURE GROUP, LLC

    Plaintiff,

v.

SAINTILUS JEANNESTAL,

    Defendant/Judgment Debtor,

and

PRIORITYONE CREDIT UNION OF FLORIDA,

    Garnishee.
_____/

**MOTION FOR FINAL JUDGMENT IN GARNISHMENT AS TO GARNISHEE PRIORITY ONE CREDIT UNION OF FLORIDA WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff, **NATIONWIDE JUDGMENT RECOVERY, INC.,** as assignee of MATTHEW ORSO AS SUCCESSOR TRUSTEE TO KENNETH D. BELL IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR REX VENTURE GROUP, LLC, ("Plaintiff") hereby files this Motion for Final Judgment in Garnishment as to Garnishee PRIORITYONE CREDIT UNION OF FLORIDA ("PRIORITYONE") and as grounds therefore states as follows:

**SUMMARY OF ARGUMENT**

Neither Defendant/Judgment Debtor **SAINTILUS JEANNESTAL** ("Defendant" or "Jeannestal") nor the joint account owner raised valid defenses or claim valid exemptions to the

Writ of Garnishment entered by this Court against PriorityOne, pursuant to which bank account funds were restrained. Under Florida law, where a judgment debtor is provided with the required statutory notices but fails to respond to the garnishment with a claim of exemption or motion to dissolve, Plaintiff has met the statutory requirements for entry of a judgment of garnishment. Plaintiff is therefore entitled to a Final Judgment of Garnishment against PriorityOne in the amount of **$4,164.61.**

## BACKGROUND

ZeekRewards was an enormous Ponzi scheme that operated in 2010 and 2011 in which thousands of individuals—including the Defendant Jeannestal— (the "Net Winners") were enriched at the expense of numerous victims who lost money in the scheme. In 2012, the Securities and Exchange Commission ("SEC"), recognizing the harm wreaked by ZeekRewards, filed an action in the United States District Court for the Western District of North Carolina to shut down the scheme. In that matter, the court appointed a Receiver, Kenneth Bell ("Receiver Bell") and tasked him with identifying and locating the Net Winners in the scheme, recovering their ill-gotten gains, and splitting those funds amongst the persons who had lost money to the scheme (the "Net Losers"). *See Securities and Exchange Commission v. Rex Venture Group, LLC,* Case No. 3:12-cv-00519 (the "SEC Action").

In 2014 Receiver Bell sued a defendant class of Net Winners in the United States District Court for the Western District of North Carolina. *See Orso v. Disner, et al.*, Case No. 3:14-cv-00091 (the "Net Winner Class Action"), Compl., ECF No. 1 at ¶¶ 5-11 (W.D.N.C. Feb. 28, 2014). United States District Judge Graham Mullen ("Judge Mullen") certified the defendant class of Net Winners and ultimately entered a Final Judgment against Defendant Jeannestal (and thousands of other Net Winners) in the amount of Jeannestal's winnings gained at the expense of

the Net Losers of the Ponzi scheme plus pre-judgment interest, for a total judgment against Jeannestal of $35,961.87.  *See* Net Winner Class Action, ECF No. 179-2, at p. 5,304 (the "Final Judgment").  On appeal, the United States Court of Appeals for the Fourth Circuit Court affirmed the trial court rulings, including its certification of the defendant class including Jeannestal. *Bell v. Brockett*, 922 F.3d 502 (4th Cir. 2019).

On May 22, 2019 Matthew D. Orso ("Receiver Orso") was appointed as the successor receiver to Receiver Bell. *See* the SEC Action, ECF No. 739. On July 4, 2019 Receiver Orso filed a motion for court approval to sell the judgments. See the SEC Action, ECF No. 752. On July 30, 2019, Judge Mullen entered an Order approving the sale of the judgments. See the SEC Action, ECF No. 753. On December 16, 2019 the judgments were assigned by Receiver Orso to Nationwide Judgment Recovery, Inc. ("NJR"), is the proper party in interest as the Plaintiff in this matter. In connection with its efforts to enforce the Judgment, on January 20, 2021 Plaintiff registered the Judgment in this Court [Docket No. 1].

Since the time of registration, $33,216.27 of the judgment has been satisfied through voluntary payments, leaving a remaining balance owed of $4,164.61, prior to post-judgment interest being applied. On September 7, 2022 Plaintiff filed a Motion for Writ of Garnishment ("the Motion") against PriorityOne [Docket No. 32] as to any tangible assets of Defendant in the possession of PriorityOne. On September 8, 2022, a Writ of Garnishment was issued by this Court against PriorityOne [Docket No. 35].

On September 12, 2022 Plaintiff mailed a Notice to Defendant [Docket No. 38] which attached the Motion for Writ of Garnishment against PriorityOne, the PriorityOne Writ entered by the Court, a Notice to Defendant of Rights Against Garnishment ("the Notice") and a Florida Claim of Exemption form as required by Florida Statute § 77.041 to the Defendant's address on

file with the bank. Defendant was advised in the Notice that "you must file the form with the Clerk's office within twenty days after the date you receive this notice or you may lose important rights," and "you should file the form for claim of exemption immediately to keep your wages, money or property from being applied to the court judgment." This mailing was not returned to Plaintiff and no Claim of Exemption was filed as to the restrained funds.

On September 13, 2022 PriorityOne filed its Answer to the Writ of Garnishment [Docket No. 36] in which PriorityOne stated that they had restrained $20,794.37 in a bank account belonging to Jeannestal and a third party, Mathealie Jeannestal.

On September 15, 2022, Plaintiff mailed a second Notice to Defendant [Docket No. 39] which attached PriorityOne's Answer as required by Florida Statute § 77.055 and stated that "Plaintiff further notifies Defendant that it must move to dissolve the Writ of Garnishment within 20 days after the date indicated on the Certificate of Service…if any allegation…is incorrect". On that same date, Plaintiff mailed a Notice to Party with Account Ownership [Docket No. 40] to Mathalie Jeannestal ("the third party"), the third party listed by PriorityOne as having an interest in the account. This Notice advised the third party of her right to move for dissolution of the garnishment. These Notices were mailed to the address for the Defendant and the third party which was provided by PriorityOne in their Answer, which was the same as the "last known address" that the Plaintiff had on record for Defendant. Neither mailing was returned to Plaintiff and no Motion for Dissolution was filed as to the Writ by any party. The statutory right of either party to move to dissolve the writ or claim an exemption expired on approximately October 5, 2022.

## **MEMORANDUM OF LAW**

Rule 69(a)(1) of the Federal Rules of Civil Procedure states that

> a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located…

Under Florida law, "every person or entity who…has recovered judgment in any court against any person or entity has a right to a writ of garnishment." *Francois v. Washmonbo, Inc.*, No. 05-23368-CIV, 2008 WL 2694752 at *2 (S.D. Fla. July 8, 2008), and "[Florida] state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law." *General Trading Inc., v. Yale Materials Handling Corp.*, 119 F. 3d 1485, 1496 n. 22 (11th Cir. 1997).

The procedure for execution on a judgment is clearly set forth in the Florida Statutes. Specifically, Florida's garnishment statutes "require notice to be sent to the defendant…of whom garnishment is sought…within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee," Fla. Stat. § 77.041(2), and within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired." Fla. Stat. § 77.055. *Caballero v. Dellan*, 2021 WL 3927826 (S.D. Fla. 2021). It has long been the rule in Florida that garnishment statutes are strictly construed, including all deadlines relating thereto. *Akerman Senterfitt & Eidson, PA v. Value Seafood, Inc.*, 121 So. 3d 83 (Fla. 3d DCA 2013), *Bernal v. All American Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010 (S.D. Fla. Mar. 6, 2009).

District Courts in Florida have been clear that where a Plaintiff can demonstrate that Defendant has been served with the statutorily required notices of garnishment but has failed to appear or otherwise timely respond to a Writ of Garnishment, Plaintiff has met the statutory requirements for a court to enter a judgment of garnishment. *Zhejiang Dongri Import & Export*

*Co., LTD., v. Neoptx, LLC,* 2021 WL 2480879 (S.D. Fla. 2021); *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 WL 36550 (S.D. Fla. 2009). Where a judgment debtor does not move to dissolve a writ of garnishment or file a claim of exemption within the statutorily required time frames, judgment against the garnishee on the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer. *Krauser v. BioHorizons, Inc.,* 2014 WL 12516049 (S.D. Fla. 2014).

## **CONCLUSION**

As set forth herein, Plaintiff has met the statutory requirements for entry of a judgment in the amount of $4,164.61 against PriorityOne.

For the convenience of the Court and pursuant to Local Rule 7.1(2) and Section 3I(6) of the CM/ECF Administrative Procedures, a proposed Order granting this Motion is attached as an exhibit hereto and will be emailed in Word format to the Chambers of the assigned Judge.

WHEREFORE, Plaintiff respectfully requests that the Court:

1) Grant Plaintiff's Motion for Final Judgment in Garnishment regarding PriorityOne Credit Union of Florida;

2) Enter a Final Judgment in favor of Plaintiff and against PriorityOne Credit Union of Florida, awarding $4,164.61 to Nationwide Judgment Recovery, Inc., payable to the attorney trust account of undersigned counsel; and

3) Grant Plaintiff such other relief that the Court deems appropriate, fair, and equitable.

Dated: November 8, 2022                    Respectfully submitted,

*/s/ Alison Emery*

_____

>Alison N. Emery, Esquire
>Counsel for Nationwide Judgment Recovery, Inc.
>Florida Bar No. 0621641
>Emery Law, PLLC
>5011 Gate Parkway
>Building 100, Suite 100
>Jacksonville, FL 32256
>Telephone 904-404-3394
>E-mail: alison@emerylawjax.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of November, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send CM/ECF notification of such filing to Patrick George Brugger, Esquire, counsel for Garnishee PriorityOne Credit Union of Florida to pbrugger@shutts.com and that I mailed the foregoing by first class United States Mail on today's date to: Saintilus Jeannestal, 7770 NW 44 Court, Lauderhill, FL 33351-5702 and to: Mathialie Jeannestal, 7770 NW 44th Court, Fort Lauderdale, FL 33351-5702.

*Alison Emery*

Alison N. Emery, Esquire